# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS GADDIS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.  } | Case No.: 1:16-cv-00348-RDP-JEO |
| } | |
| **STEPHEN LEDBETTER, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

On September 21, 2016, the Magistrate Judge's Report and Recommendation (Doc. # 30) was entered and the parties were allowed fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On September 27, 2016, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Doc. # 31).

As an initial matter, Plaintiff has failed to raise any specific objections to the Magistrate Judge's legal recommendations. Plaintiff's objections merely restate the factual allegations in the Amended Complaint (Doc. # 13) and reassert Plaintiff's allegations that Defendants violated his constitutional rights. (*See* Doc. # 30 at 4-5 (summarizing the allegations in the Amended Complaint); Doc. # 31). Notably, Plaintiff does not identify a single legal error in the Report and Recommendation, nor does he contest the Magistrate Judge's conclusion that his claim for injunctive relief is subject to *Younger*[1] abstention. (*See generally* Doc. # 31). Therefore, the Report and Recommendation is due to be adopted because Plaintiff has not raised an appropriate objection to the Magistrate Judge's Recommendation that this action is subject to *Younger*

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

abstention. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Furthermore, even if the court were to find that Plaintiff has raised a proper objection to *Younger* abstention (and, to be clear, the court does not), the Magistrate Judge correctly concluded that Plaintiff's injunctive claim is subject to *Younger* abstention. This is so because (1) Plaintiff's proposed injunction would interfere with an ongoing Alabama state-court criminal proceeding, (2) Plaintiff had an adequate opportunity to raise his challenge to the state court's probable cause determination by requesting a preliminary hearing in state court, and (3) Plaintiff presents no extraordinary circumstances that require the court to forego *Younger* abstention. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1278 (11th Cir. 2003) (holding that the proposed equitable relief in that litigation would interfere with state proceedings "by placing decisions that are now in the hands of the state courts under the direction of the federal district court"); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550-51 (11th Cir. 1996) (distinguishing the *Pompey* litigation from a U.S. Supreme Court case where plaintiffs were permitted to challenge the lack of state-court judicial probable cause determinations in federal court because state remedies were available to the plaintiffs ); *see also* Ala. R. Crim. P. 5.1; (Doc. # 30 at 8-10). Moreover, Plaintiff does not seek monetary damages in this action. (*See* Doc. # 13 at 4). Therefore, the court affirms the Magistrate Judge's conclusion that this action is subject to *Younger* abstention.

After a careful *de novo* review of the record in this case, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** the Magistrate Judge's Recommendation. Accordingly, Plaintiff's Amended Complaint is due to be dismissed without prejudice pursuant to 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.  A Final Judgment will be entered.

    **DONE** and **ORDERED** this October 21, 2016.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE